IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD SATISH EMRIT,**

    **Plaintiff,**

    **v.**

**KRIS KOBACH, SECRETARY OF STATE OF KANSAS,** et al.,

    **Defendants.**

Case No. 17-CV-2593-CM-GLR

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

The Court has granted Plaintiff leave to proceed in forma pauperis.[1] As a result, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned magistrate judge recommends dismissal of this action for failure to state a claim upon which relief may be granted.

---

[1] ECF 7.

### A. Background

Pro se plaintiff Ronald Satish Emrit filed this action on October 10, 2017. His complaint proposes to allege eight claims for relief, pursuant to the Equal Protection and Due Process Clauses inherent in the Fifth and Fourteenth Amendments to the U.S. Constitution; the Privileges and Immunities Clause of Article IV; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964; Americans with Disabilities Act of 1990; as well as claims of negligence and breach of contract, arising out of the Defendants' alleged failure to place him on the ballot for the primary and general presidential election in 2016[2]. Plaintiff filed an Amended Complaint on November 13, 2017, alleging only three claims for relief pursuant to the Equal Protection and Due Process Clauses, as well as the Civil Rights Act of 1964[3]. These claims also arise out of the Defendants' alleged failure to place him on the 2016 presidential ballot. Finally, Plaintiff filed a Second Amended Complaint on December 11, 2017. It asserts the same three claims for relief as his First Amended Complaint. He thereby sought damages of $45,000,000. In both amended complaints he reduced his prayer for relief to $250,000.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2), a court, after granting leave to proceed in forma pauperis, must screen a Complaint to determine whether the case should be dismissed because the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief can be granted, or (iii) seeks monetary relief from a defendant who is immune from suit. The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits

---

[2] ECF 1.
[3] ECF 4.

that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[5] A complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[7] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[8]

In making its analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[9] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements."[10] This does not mean, however, that

---

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).
[5] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[7] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).
[8] *Id.*
[9] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).
[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the court must become an advocate for the pro se plaintiff.[11] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[12]

In all three of his Complaints, Plaintiff names Kansas Secretary of State Kris Kobach and the Democratic Party of Kansas as defendants. Even with a liberal construction of his complaints, none of them contains a claim that is facially plausible against either defendant.

### 1. Plaintiff's Original Complaint

In his original Complaint Plaintiff alleges the two defendants violated his "constitutional rights by refusing to place him on the ballot for the primary and general presidential election in in 2016."[13] He alleges the issue is not moot; because he "has decided to run again for president of the United States in the 2020 presidential election (as a Democratic candidate)."[14]

Plaintiff has failed to bring a claim that is facially plausible against either Mr. Kobach or the Democratic Party of Kansas. His original Complaint sets forth bare assertions that both Defendants have violated his "constitutional rights," without providing any facts to support his conclusion. Plaintiff says that, though he was placed on an official ballot in Palm Beach County, Florida, he was not placed on any other ballot in any other jurisdiction in the country. Instead, he was "told by several secretaries of state that, in order to be placed on the ballot in a primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate)."[15] However, Plaintiff does not say whether Mr. Kobach was one of these secretaries of state or made any specific allegations against him.

---

[11] *Lyons v. Kyner*, 367 F. App'x. 878, 881 (10th Cir. 2010).
[12] *Hall*, 935 F.2d at 1108.
[13] ECF 1 at 1.
[14] *Id.*
[15] *Id.* at 4.

Additionally, the Eleventh Amendment generally protects states and their agencies from suit in federal court.[16] It also protects "state officials acting in their official capacities" from suit, which "'is no different than a suit against the State itself.'"[17] Plaintiff seems to attempt to address this issue in his Complaint, claiming the Eleventh Amendment "doctrine of sovereign immunity" should not apply to either Defendant because "no governmental defendant would ever waive its right to sovereign immunity because no governmental agency (on the federal, state, or local level) would ever agree to be sued in its own jurisdiction."[18]

There are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity.[19] The first exception occurs when a state consents to suit in federal court.[20] The second occurs if Congress "abrogate[s] a state's sovereign immunity by appropriate legislation."[21] Lastly, under *Ex parte Young*,[22] "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."[23]

None of these exceptions apply in this case. Plaintiff has not alleged or provided any evidence that the state of Kansas or its Secretary of State, acting in his official capacity, have waived their Eleventh Amendment right to sovereign immunity. In fact, Plaintiff appears to concede that they have not.[24] Further, Congress has not abrogated Kansas's or Mr. Kobach's

---

[16] *See Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).
[17] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).
[18] ECF 1 at 2.
[19] *Levy*, 789 F.3d at 1168.
[20] *Id.* at 1169 (citing *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).
[21] *Id.*
[22] 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
[23] *Id.*
[24] *See* ECF 1 at 2 ("…it is reasonable to assert that no governmental defendant would ever waive its right to sovereign immunity…").

Eleventh Amendment sovereign immunity with legislation. Finally, the Complaint fails to allege any plausible ongoing violation of federal law.

Likewise, Plaintiff fails to state any plausible claim against the Democratic Party of Kansas. Plaintiff does not allege any specific facts or actions that would give rise to a claim against the Democratic Party of Kansas. He simply concludes instead that "both of the defendants" have violated Plaintiff's various rights "by excluding him from the primary and general election ballots in 2016," without providing any factual basis for such allegations.

Another example of Plaintiff's bare conclusions can be found in the Jurisdiction and Venue section of his Complaint. Plaintiff claims "the U.S. District Court for the Southern District of Kansas" has subject matter jurisdiction because the case "involves a discussion of the Health Insurance Portability and Accountability Act (HIPAA) in addition to the Affordable Care Act (i.e. "Obamacare")."[25] However, there is no U.S. District Court for the Southern District of Kansas (it is simply the U.S. District Court for the District of Kansas), and neither HIPAA nor the Affordable Care Act are mentioned again in the entire complaint. Other examples include the following: Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, which he says "prohibits employers from discriminating against employees" without claiming or providing any evidence that he is an employee of either Defendant.[26] And he claims a material breach of contract, without claiming or providing any evidence that he entered into a contract with either Defendant.[27]

### 2. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint also fails to state a plausible claim against either Defendant. It begins with a discussion of sexual harassment and allegations of assault, involving

---

[25] ECF 1 at 3.
[26] ECF 1 at 10-11.
[27] ECF 1 at 13-14.

"Hillary Clinton supporter Harvey Weinstein."[28]  It concludes that "both of the defendants have violated Title VII of the Civil Rights Act of 1964." But it provides no specific facts or explanation as to how his previous discussion is in any way relevant to his allegations.

In his "Jurisdiction and Venue" section, Plaintiff claims "the U.S. District Court for the Southern District of Hawaii" has jurisdiction in this case, despite filing this case with the U.S. District Court for the District of Kansas.[29]

Plaintiff's "Statement of Facts" are similarly difficult to follow and irrelevant.  They include statements regarding President Trump, a story of a child bumping into Plaintiff at Walmart, and a proposal to Brazilian actress Adriana Lima.[30]

Plaintiff repeats the same language and allegations as in his original Complaint, i.e. that "both of the defendants have violated" Plaintiff's various rights, including equal protection, due process, and Title VII of the Civil Rights Act of 1964.  Like his original Complaint, Plaintiff does not allege any specific facts as to how either Defendant violated any of his rights.  Instead, the claims lack any factual allegations.

### 3. Plaintiff's Second Amended Complaint

Finally, Plaintiff's Second Amended Complaint similarly fails to allege an actual, plausible case or controversy.  Plaintiff's "Nature of the Case" section contains several pages of irrelevant thoughts and statements, including discussion of Plaintiff's trip to Cuba in August of 1999, requests for Judge Derrick Watson of Hawaii to take "judicial notice" of Plaintiff's various medical conditions, and discussion of his prior divorce and child custody proceedings.[31]

---

[28] ECF 4 at 1-3.
[29] *Id.* at 5.
[30] *See generally id.* at 5-14.
[31] *See generally* ECF 6 at 1-11.

7

Plaintiff states "the U.S. District Court for the District of New Mexico" has jurisdiction over his case.[32] Plaintiff's "Statement of Facts" includes his educational history, his past travel experiences (and his future travel goals should he be elected as president), and his "limited psychic abilities" that he believes could help various federal intelligence agencies "locate the ARA San Juan submarine which disappeared in the North Atlantic after having left an Argentine naval base in Patagonia (close to Tierra del Fuego) in a place called Ushuaia (on its way to Mar Del Plata)."[33]

Plaintiff concludes with the same allegations as his original Complaint that he "was only placed on an official ballot in Palm Beach County, FL" during the 2016 presidential election, and that he "was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate)."[34] Again he fails to state whether Mr. Kobach was one of these secretaries of state or if he even had a conversation with Mr. Kobach.

It is also of note that Plaintiff has filed multiple similar lawsuits in other districts around the country, including Wyoming, New Hampshire, Alaska, and Hawaii.[35]

### RECOMMENDATION

The Court may grant relief only for actual cases and controversies.[36] Plaintiff has filed three Complaints, none of which state a plausible case or controversy. Therefore, the

---

[32] ECF 6 at 13.
[33] *See generally id.* at 13-18.
[34] *Id.* at 18.
[35] *See generally Emrit v. Wyo. Sec'y of State et al.*, 17-CV-174 (D. Wyo.); *Emrit v. N.H. Sec'y of State et al.*, 17-CV-489 (D.N.H.); *Emrit v. Sec'y of State of Alaska et al.*, 17-CV-6 (D. Alaska); *Emrit v. Sec'y of State of Haw. et al.*, 17-CV-504 (D. Haw.).
[36] U.S. CONST. art. III, § 2, cl. 1.

undersigned magistrate judge recommends that the Court summarily dismiss this action for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated January 24, 2018, in Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
